Mr. Chief Justice ShaRkey
delivered the opinion of the court.
The complainant filed his bill in the superior court of chancery, to enjoin a judgment at law, which the respondents had recovered against him, in November, 1840, on a promissory note, made jointly by Fall, Puckett, Johnson, and complainant. An injunction was prayed, on the ground that the complainant had no notice of the suit at law, and therefore was prevented from making his defence, the merits of which consists in this; the note was given for a lot in the town of Madisonville, which was purchased by Puckett, one of the makers, in April, 1838, from Enloe, Johnson & Co. who derived title to the lot from John S. Gooch, through sundry mesne conveyances. Gooch had sold to Williams & Walker, in January, 1836, but the acknowledgment of the deed was not in proper form, although it was recorded; consequently the bill avers that it was liable to a judgment which had been recovered against Gooch, on the 2d of November, 1836, under which it was sold in August, 1840.
The answer denies, in the most positive manner, that the complainant had not legal notice of the pendency of the suit against him. It also avers that the judgment against Gooch had been satisfied, and that, through the instrumentality of the complainant, execution had been issued on it, and the lot sold, and purchased by the complainant for a very small sum, which the respondents offer to refund him, if necessary. By the answer the material allegations of the bill are all swept away. A motion was made to dissolve the injunction on bill and answer, *464 which was accordingly done by the chancellor, who gave an opinion at length on the merits of the case, which is reported in Freeman’s Chancery Reports, 85, in which he gave a construction to the law in relation to conveyances, which has since received the sanction of this court. Dixon & Starkey v. Lacoste, 1 S. & M. 70. We therefore concur with the chancellor in his disposition of this part of the case.
.But the complainant then filed a supplemental bill, in which his ground for relief is materially varied from that taken in the original bill. On this another injunction seems to have been granted, which was also afterwards dissolved on motion, on the face of the bill, as there was no answer to the supplemental bill; and from this decree the complainant appealed.
This bill sets up fraud in representing the property as unin-cumbered, when in fact there were very large amounts in judgments against Walker, and against Enloe, Johnson & Co. at the times of their respective sales, which still remain outstanding and unsatisfied, and that Puckett was ignorant of such incum-brances. It also alleges that Enloe, Johnson & Co. made a covenant of seisin of an unincumbered estate, which was broken as soon as it was made, in consequence of the existence of the judgments.
It has been contended that this supplemental bill was improperly filed, and the injunction improperly allowed on it, as it contains nothing which was not fully known to the complainant at the time he filed the original bill, and that a supplemental bill is only allowed to introduce new matter. This objection is not without force, but if it was improperly filed, it might have been taken from the file. The chancellor, however, seemed to entertain jurisdiction over its merits by dissolving the injunction. The general rule, in relation to the facts disclosed, is, that,if a,purchaser has protected himself by covenants, he is not entitled to be relieved against a contract for real estate, uhmix-ed with fraud, until after eviction.. But fraud vacates all contracts, and whenever it is charged it must be answered. As a general rule It follows that when an injunction has been granted on a bill which charges such fraud as would vacate the con *465 tract, the injunction ought not to be dissolved on the face of the bill. But it is believed that although fraud be charged, yet it must be presented in such a manner as to enable the court to give relief. The bill must show a case which would enable the court to set aside the contract for fraud, and as the chancellor has decreed that the injunction should be dissolved, if that decree is obviously right, it cannot be reversed.
This contract of sale was made between Puckett, and Enloe, Johnson & Co. and if there was fraud in the transaction it was perpetrated on Puckett, who was the purchaser, and to whom the deed was made. Walker sets out in his bill that he was a mere surety; the consideration did not pass to him, but to Puckett; but Puckett does not complain of fraud in the contract; he is no party to this proceeding, and for anything that appears, is content with his bargain. Suppose then the injunction should be made perpetual, what is the consequence? It would not vacate the contract. Puckett may still insist upon the contract. The effect would be to take from the vendor a part of his security, and leave the contract in force. Can this be done? It is evident that no decree that could be made in this cause could affect Puckett, for he is no party ; the court cannot therefore interfere with his contract. Puckett and Fall were both defendants to the judgment, and the injunction suspended the execution as to them as well as to complainant. No reason whatever is shown why they are not made parties, which should have been done, if practicable. No relief could be given to the complainant without vacating the contract, which under the circumstances cannot be done. Walker cannot complain that the contract was void for want of consideration. The consideration was received by Puckett, which was sufficient to make the contract binding on Walker. Puckett seems to be still satisfied with his bargain; he does not deny but what he has received a full consideration; he does not aver that any fraud was practised on him. If he were before us he might admit that he purchased with full notice of incumbrances. A case is presented then by the bill in which no decree can be made; there is no equity in the bill as to complainant, and wherever no decree can be made, or *466 there is no equity on the face of the bill, the injunction may be dissolved before answer. Minturn v. Seymour, 4 Johns. Ch. R. 173; 1 Tenn. R. 196, cited in note to Eden on Injunctions, 115. We are aware that by rule of practice in the superior court of chancery, no motion to discharge an injunction on the face of the bill will be received, but the party must demur. Rule 21. The chancellor must have considered that rule as inapplicable in the present case, or he would not have dissolved the injunction, and his interpretation of the rules of that court must furnish a safe precedent. It seems to us that the rule cannot apply to a case in which no decree could be made, even if the facts were admitted. Under such circumstances there can be no propriety in retaining an injunction, which should never be granted except on a prima facie case for relief.
We do not mean to laydown a general rule that a surety can never avail himself of a defect in the contract of his principal. It is only intended to say that it cannot be done in a case like this.
The decree dissolving the injunction must be affirmed.